UNITED STATES DISTRICT COURT     **Sealed**
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-2303-White

UNITED STATES OF AMERICA

vs.

PAUL CORDOBA, MARLON CORDOBA,
and JEFFERSON CASTILLO,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes  _x_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes  _x_ No

                              Respectfully submitted,

                              WIFREDO A. FERRER
                              UNITED STATES ATTORNEY

BY: _____
           ERIC A. HERNANDEZ
           ASSISTANT UNITED STATES ATTORNEY
           Florida Bar No. 0340730
           99 N. E. 4th Street
           Miami, Florida  33132-2111
           TEL (305) 961-9423
           FAX (305) 530-7976

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 12-2303-White |
| PAUL CORDOBA, MARLON CORDOBA, and JEFFERSON CASTILLO, | ) ) ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 1-2, 2009__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 952(a), 963, 841(a)(1) and 846. | The defendants, PAUL CORDOBA, MARLON CORDOBA, and JEFFERSON CASTILLO, did knowingly and intentionally combine, conspire, confederate and agree with each other to import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963; and did knowingly and intentionally combine, conspire, confederate and agree with each other to possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

ALBERT ORDONEZ / SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
Printed name and title

Sworn to before me and signed in my presence.

Date: 3-5 2012

_____
Judge's signature

City and state: __Miami, Florida__    PATRICK A. WHITE, U.S. MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT

I, Albert Ordonez, being duly sworn, depose and state:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigation (DHS/HSI) and have been so employed since March, 2009. I am currently assigned to the Special Agent in Charge Office in Miami, Florida, and my duties include the investigation of financial crimes that threaten the financial infrastructure of the United States, which include money laundering and narcotics trafficking. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and make arrests for, offenses enumerated in Title 21, United States Code, Sections 841, 846, 952, and 963. I submit this affidavit based on information known to me personally from the investigation, as well as obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein.

2. This affidavit is submitted to establish probable cause to arrest Paul CORDOBA, Marlon CORDOBA, and Jefferson CASTILLO. Because this affidavit is submitted for the limited purpose of establishing probable cause to arrest Paul CORDOBA, Marlon CORDOBA, and CASTILLO, it does not include all the details of the investigation of which I am aware.

3. On or about August 1, 2009, in the Southern District of Florida, Paul CORDOBA and Marlon CORDOBA smuggled from Venezuela to the United States over 300 kilograms of cocaine aboard private aircraft N21NW.

4. On or about August 1, 2009, Paul CORDOBA piloted private aircraft N21NW out of Valencia, Venezuela; Marlon CORDOBA accompanied Paul CORDOBA aboard this flight. Paul CORDOBA and Marlon CORDOBA then flew private aircraft N21NW to Las Americas Airport in the Dominican Republic to refuel. From the Dominican Republic Paul CORDOBA and Marlon CORDOBA flew private aircraft N21NW to Lynden Pindling International Airport in Nassau, Bahamas. From Nassau, Paul CORDOBA and Marlon CORDOBA flew private aircraft N21NW to Wilmington International Airport in Wilmington, North Carolina.

5. After clearing customs at Wilmington International, on or about August 2, 2009, Paul CORDOBA and Marlon CORDOBA flew private aircraft N21NW from Wilmington International Airport to Ft. Lauderdale Executive Airport in Ft. Lauderdale, Florida, carrying over 300 kilograms of cocaine. On that same date Jefferson CASTILLO was at Ft. Lauderdale Executive Airport helping to import the cocaine by conducting counter-surveillance in the event law enforcement was in the area.

6. On August 2, 2009, Paul CORDOBA, Marlon CORDOBA, and other co-conspirators removed the cocaine from the aircraft at Ft. Lauderdale Executive Airport. Paul CORDOBA then gave another co-conspirator 180 kilograms of cocaine for the purpose of distributing the cocaine. Over a period of three months the co-conspirator delivered to Paul CORDOBA over $2,700,000 in U.S. currency from the sale of the cocaine.

7. On January 24, 2012, HSI special agents interviewed a confidential source (CS) regarding the alleged narcotics smuggling by Paul CORDOBA and Marlon CORDOBA. The CS, who was a participant in the alleged crimes, and assisted in the importation and distribution of these 300 kilograms of cocaine, provided the facts set forth above.

8. On or about January 27, 2012, HSI special agents reviewed records from Custom and Border Protection. These records confirm that on July 31, 2009, Paul CORDOBA piloted private aircraft N21NW from Ft. Lauderdale Executive to Oranjestad, Aruba, Netherlands with Marlon CORDOBA, and others.

9. These records also confirm that on August 1, 2009, Paul CORDOBA, Marlon CORDOBA, and others traveled aboard private aircraft N21NW from Nassau, Bahamas to Wilmington, North Carolina.

10. Based upon the foregoing information, your affiant asserts that probable cause exists to believe that Paul CORDOBA, Marlon CORDOBA, and Jefferson CASTILLO did knowingly enter into a conspiracy to import a controlled substance into the United States, in violation of Title 21, United States Code, Sections 952 and 963. Moreover, based upon the foregoing information, your affiant asserts that probable cause exists to believe Paul CORDOBA, Marlon CORDOBA, and Jefferson CASTILLO did knowingly enter into a conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841 and 846.

FURTHER AFFIANT SAYETH NAUGHT

_____
SPECIAL AGENT ALBERT ORDONEZ
DEPARTMENT OF HOMELAND SECURITY
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn before me
This 5th day of March 2012.

_____
THE HONORABLE PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE